W. J. Duckworth et al. v. Fort Worth & Rio Grande Railway
Company.

Decided June 13, 1903.

**1.—Setting Fires—Railroads—Burden cf Proof.**

Where in an action against a railway company for damages caused by a fire alleged to have been set by sparks from one of its engines the real issue was whether the fire was caused by sparks from an engine, it was error for the court's charge to put the burden of proof upon the defendant to show want of negligence in the construction and operation of its engine.

**2.—Same—Degree of Care.**

The law does not require of railway companies the equipment of their engines with absolutely "the best approved appliances in general use for preventing the escape of fire," but that degree of care only in this respect that would be exercised by a person of ordinary prudence under the same or similar circumstances.

**3.—New Trial—Diligence.**

A new trial was properly refused where the newly discovered evidence on account of which it was sought was that of a witness who had testified on the trial for the applicant, and the slightest diligence in his examination would have disclosed the alleged new matter.

Appeal from the District Court of Hood. Tried below before Hon. W. J. Oxford.

*Reeder & Cooper* and *Crane, Greer & Wharton,* for appellants.

*West, Chapman & West,* for appellee.

CONNER, Chief Justice.—Appellant Duckworth sued appellee to recover damages for the loss of his gin property, alleged to have been burned by reason of escaping sparks from one of appellee's passing engines, and the appellant Fire Association of Philadelphia intervened, alleging the payment of certain insurance on the property burned, and praying to be subrogated to the extent thereof to the right of appellant Duckworth. It was alleged that the engine which set out the fire was at the time negligently operated and unprovided with proper and sufficient appliances to prevent the escape of sparks. Appellee pleaded the general denial, and the trial resulted in its favor.

The principal assignment of error relates to the refusal of the court to give the following special charge, viz: "Counsel for the plaintiff and intervener ask the following charge: 'Gentlemen of the jury, you are instructed that if the plaintiff's gin was set on fire by sparks emitted from the engine of the defendant railway company, as charged in their petitions, and if the emission of said sparks which set fire to said gin was the result of the negligence of the said defendant company's agents and servants in operating their said engine so emitting same, or if you believe from the evidence that the emission of said sparks was due to the fact that the said engine being then and there operated by the agents

and servants of said defendant company was unskillfully, improperly and negligently constructed, and that it was not sufficiently and properly equipped with spark-arresting devices, and that by reason of these conditions said engine was out of order in regard to its appliances for the prevention of the escape of sparks, and that but for such negligence the sparks emitted from said engine would not have set fire to plaintiff's property, you will find for the plaintiff and intervener. In this connection you are charged that the burden of proof devolves upon the defendant company to prove that its locomotive was not negligently constructed as charged by the plaintiff and the said intervener, and that it was properly equipped with the best approved appliances in general use for preventing the escape of fire, and also to prove that its locomotive was being carefully operated at the time when said sparks were emitted that set fire to said building."

We think the charge was properly refused. The gin with machinery burned was situated about 156 feet south of appellee's right of way in the town of Granbury. There was no direct evidence as to the origin of the fire, and the sharply contested issue in the evidence was whether the fire originated from a passing engine at all, as alleged. The real issue was not whether the engine indicated by the testimony as the only one which could probably have set out the fire, was provided with a proper spark-arrester, or was improperly handled at the time. This engine was shown to have been attached to a light train which passed at 3:47 a. m. on the morning of November 13, 1901, and the testimony of appellee's witnesses that it was properly operated and equipped with approved spark-arresters was not disputed save by the testimony of some of appellant's witnesses to the effect that on other occasions and from engines not identified as the one under consideration, sparks had been emitted and set out fire at as great a distance. The fire in question was not discovered until about 6 a. m. of the morning stated, and the evidence conflicts as to the direction of the wind. Duckworth testified to the effect that some openings in the gin house toward the right of way were unclosed, and that the fire had apparently originated from a point on the inside near one of these openings and burned thence along the hard pine floor to the gin stands on the south side of the building where the fire at the time of observation had gained great headway. There was much testimony as to the direction of the wind, and the night agent of appellee testified that at the time involved he stood on the platform, watched the outgoing train and observed no sparks, but did notice heavy black smoke issuing from the engine, but that such smoke rolled to the north. Other circumstances might be adverted to, but we think this sufficient to indicate the real issue and to illustrate our conclusion that a charge in effect indicating when the burden of proof shifted to appellee would have been inappropriate and confusing. Railway Co. v. Syfan, 43 S. W. Rep., 551; Railway Co. v. Dotson, 38 S. W. Rep., 644. Besides, the requested charge would have devolved a greater burden on appellee than the law imposes. The law does not

require of railway companies the equipment of their engines with absolutely the "best approved appliances in general use for preventing the escape of fire," but that degree of care only in this respect that would be exercised by a person of ordinary prudence under the same or similar circumstances. Carter v. Railway Co., 95 Texas, 461, 68 S. W. Rep., 159.

Assignments of error not involved in the foregoing conclusions need but brief notice. Of the two witnesses on account of whose newly discovered testimony a new trial was sought, one had testified on the trial in behalf of appellants, and the slightest diligence in examination must at the proper time have disclosed the alleged newly discovered fact. The testimony of the other witnesses, as well as that of the first, was, we think, altogether too inconclusive and uncertain, in the light of the testimony, to have justified a new trial. At least we can not say that the court abused his discretion in overruling the motion therefor on this ground. The assignment questioning the sufficiency of the evidence to sustain the verdict and judgment is not followed by any proposition or statement, and is evidently not relied upon.

Finding no error as assigned the judgment is affirmed.

*Affirmed.*